## WM. T. RUCKLE et al. *vs.* LEWIS F. GRAFFLIN, Committee of T. C. RUCKLE, a Lunatic.

*Devise and Legacy—Land Passes Under the Word "effects" in a Residuary Clause.*

A testatrix, after making certain specific devises and bequests, provided as follows: "To T. C. R. I give all the remainder of my effects." *Held*, that the land acquired by the testatrix after the execution of the will passed under this residuary clause.

Appeal from a *pro forma* decree of Circuit Court No. 2, of Baltimore City.

The cause was argued before McSherry, C. J., Bryan, Fowler, Briscoe, Page and Boyd, JJ.

*Joseph S. Goldsmith* (with whom was *Beverley W. Smith* on the brief), for the appellants.

Any word may be misused in a will, and the Courts, when convinced, upon examining the whole will, that the word was intended to have a meaning with which it is not properly invested, will interpret it as the testator intended ; therefore, the word "effects" in wills has been held to convey real property, when that clearly appeared to have been the intention, as, when combined with the adjective "real" (real effects). "But the word 'effects' alone must be confined to personal estate, simply, unless an intention appears to the contrary." *Black's Law Dictionary.* It cannot convey real estate "unless the word 'real' be added." *Bouvier's Law Dictionary.* See also *Schouler on Wills,* sec. 509 ; *Beach on Wills,* sec. 273 ; 1 *Roper on Legacies,* 280 ; 2 *Powell on Devises,* 184 ; *Doe* v. *Dring,* 2 Maule & Selwyn, 448.

A careful search through the reports of cases decided by this Court has disclosed no case in which the word "effects" has been held to include real property. On the other hand the cases are numerous in which expressions amply com-

prehensive to include every kind of property such as " all the residue of my estate " or " all the balance of my estate " have been restricted to personalty, in accordance with rule that the intention of the testator governs the interpretation. *Walters* v. *Walters*, 3 H. & J. 201; *McChesney* v. *Bruce*, 1 Md. 344; *Rea* v. *Twilley*, 35 Md. 409. In one case, " all the residue of my estate " was confined to personal property, although the will was commenced with the following words: " After my debts and funeral expenses are paid, I *devise* and bequeath as follows :" and nothing but personalty was disposed of prior to that clause.

From all that appears, it is reasonable to infer that almost all the estate which the testatrix possessed at the time of execution of her will was disposed of specifically in the prior clauses of it. And Thomas C. Ruckle was given his full share. Then, it appears, the testatrix, thinking that a small sum of money perhaps, or other personal property would remain, gives it to Thomas C. Ruckle, directing him to use part of it in enclosing and fixing up the cemetery lot, the remainder it would seem, to be his compensation for so doing. This construction is a necessary result of the application of the principle *noscitur a sociis*, which is usually invoked in cases of this character.

The testatrix, in disposing of her estate, goes into most minute details, specifically bequeathing her furniture and wearing apparel and enumerating her articles of silverware, and even her bed-clothes. Is it reasonable to assume that, having given to Thomas C. Ruckle, specifically, a pair of blankets and a pair of linen sheets, she would then give him, in a residuary clause, 30 acres of land, probably the most valuable single piece of property in her entire estate ? In the other part of her will she seems to have provided for her heirs according to their respective claims upon her. It rests upon the residuary clause to create a decided preference.

*John Watson, Jr.*, for the appellees.

As to the force and meaning of the word "effects :"

LORD MANSFIELD (*Jackson* v. *Hogan*, 3 Bro. P. C. 388), considered the word to be equivalent to "*property*" or "*wordly substance.*" LORD ELLENBOROUGH (*Andrews* v. *Lainchbury*, 11 East, 295), referring to this word : " I know of no word in general use so inflexibly importing one meaning only as to be incapable of bending to the manifest sense of the party using it differently." LORD LANGDALE (*Titchfield* v. *Horncastle*, 7 L. J. Ch. 279): " I am not aware that the word " *effects* " may not be as applicable to *real estate* as to personalty." " I am not aware of any reason why the word should not be applicable to the ' *effects* ' generally arising from a man's industry, whether consisting of personal or *real estate.*" MALLINS, V. C. (*Smyth* v. *Smyth*, 8 L. R., C. D. 561), " LORD LANGDALE must have thought as I think, that the word ' *effects* ' would carry *every sort of property* which the testator had." The word " *effects* " is *per se* broad enough to include lands. *Attorney-General, &c.,* v. *Bristowe*, L. R., 6 App. Cas. 149. LORD ROMILY in *Attree* v. *Attree*, L. R., 11 Eq. 280 : " The inclination of the Courts at the present day (is) to hold lands to pass under words capable *per se* of comprehending them, notwithstanding their association with terms applicable to personal estate only." 1 *Jarm. on Wills*, 705. " The old rule is in fact reversed ; for it is now settled that words such as ' property ' and ' estate,' capable of including *real* with personal estate, *will not be deprived* of their *full force*, without evidence that they were intended to be used in a more confined sense ; whereas *formerly* the burden of proof was on the other side."

The evolution of the word " effects " is shown above, and also in the cases hereinafter referred to. For strong illustrations where Courts have held the word " effects," " estate," " property," " all the rest," " money," etc. ; broad enough to cover real estate, see *Chamberlain* v. *Owings*, 30 Md. 447 ; *Smyth* v. *Smyth, supra ; Attree* v. *Attree, supra ; Hamilton* v. *Buckmaster*, L. R., 3 Eq. 323 ; *Phillips* v. *Beal*, 25 Beav. 25 (in which " effects " was held to convey real

estate *as ·against the heir*); *O' Toole* v. *Brown*, 3 Ell. and Bl.,
571 ; *Milesome* v. *Long*, 3 Jur. (N. S.), 1073 ; *Patterson* v.
*Huddart*, 17 Beav. 2·10 ; *Rea* v. *Twilley*, 35 Md. 409.   If
" all the rest " (*Attree* v. *Attree*) is sufficient to carry the
realty, why not '' all the remainder '' as used in the Ruckle
will.   It is presumed that a testator intends to dispose by
his will of *all* his possessions.   *Dulany* v. *Middleton*, 72
Md. 67.

   " All the rest," " rest, residuary and remainder " and
"all the remainder " are synonymous terms, and when used
in a residuary clause should be given a broad interpretation.
And the general terms " all the remainder " should not be
restricted by the word '" effects," even should that word
be construed in its narrow sense.   1 *Jarm. on Wills*, 706 ;
*Milesome* v. *Long*, 3. Jur. (N. S.), 1073 ; In *Laing* v. *Barbour*,
119 Mass. 523 (1876), a testator, after disposing specifically
of *personal property only*, provided : " I constitute and appoint
J. W. W. my *residuary legatee*."   He then specifically devised
real estate. ." Residuary legatee " was construed to pass to J.
W. W. *real estate* otherwise undisposed of.   See also *Hughes*
v. *Pritchard*, 6 Ch. Div. 24.   Thomas C. Ruckle was, to say
the least, "*residuary legatee ;*" and it is submitted therefore
that he comes within the terms of 119 Mass.   The meaning
of a residuary clause is to be ascertained from the face of
the whole will.

   BRYAN, J., delivered the. opinion of the Court.

   The question in this case arises from the interpretation of
the will of Elizabeth Ann Ruckle, deceased.   The first clause
of the will is as follows :  " I give to my brother, Thomas
C. Ruckle, all my interest in a lot on North Liberty street
for his own benefit, also my ground rents on Stockton street ;
my bank and road stock to the children of my brother, Wil-
liam H. Ruckle, to be divided equally between them."   Then
follow several clauses disposing of both real and .personal
estate.   The residuary clause is in these words :  " To Thomas
C. Ruckle I give all the remainder of my effects, he spend-

ing some money in enclosing and fixing up the lot in Mount Olivet Cemetery. I appoint my brother, Thomas C. Ruckle, my executor of this my last will and testament." After the publication of the will the testatrix acquired title in fee to thirty acres of land in Baltimore County. And the question to be decided is whether this land passed under the residuary clause of the will.

Under our statute all land which the testatrix owned at the time of her death will pass under the will in the same manner that it would have passed, if it had belonged to her when the will was executed. It is very certain that the testatrix did not intend to die intestate as to any of her property. After disposing of property, both real and personal, she gives away all the remainder of her effects ; that is, she said in substance : " I have given away some of my effects, now I will give away the remainder of them." It is thus seen that she applied the word indiscriminately to her real and personal estate, designating both kinds of property as her effects. It was her purpose to dispose of all her property, and she certainly had no intention of leaving the residue to any one except the person named in the last clause of her will. There is no escape from the conclusion that she intended that he should have all that was not given to other persons. The will takes effect as if it had been executed immediately before her death, and it therefore operates on all the property which she then had, real and personal. We must give this construction to the will unless there is some rule of law which determines that real estate cannot be designated in a will by the word " *effects*." We shall consider this question.

The inquiry is not into the accurate or technical meaning of language ; but into the intention which a testator had in a given case when he used it. And we find on examination of the authorities many instances in which land was devised by terms which would not ordinarily be understood to describe it. In *Doe* v. *Owings*, 30 Md. 447, it was said that in order to create a fee, it was not necessary to use any

technical terms, nor any particular form of words, but any words sufficiently showing the intention of the testator to dispose of his whole interest in the thing devised would have the same effect as a devise to one in *fee-simple or forever*. It was also said that the words "estate" and "property" would carry a fee; and also the words "all I have," or "all I am worth," or "everything I die possessed of." And in the case then before the Court, as the testator had shown an intention to dispose of his whole estate, it was held that a fee-simple was given by these' words: "All and everything that shall fall to me at my mother's decease." In *2nd Jarman on Wills*, page 341, &c. (fifth American edition), many cases are collected in which the ordinary meaning of words is reversed by the context of the will. For instance when the intention of the testator required it, real estate was held to be comprehended by the word "legacy," by the word "effects," and even by the expression "*personal estates ;*" and the appointment of a person as "residuary legatee" entitled him to all real estate not specifically disposed of in the will. It is needless to accumulate authorities on this point.

Without stating in detail the proceedings in the Court below, it is sufficient to say that the decision was made on the ground that Thomas C. Ruckle took a fee-simplee in the land purchased by the testatrix subsequently to the will.

*Order affirmed with costs.*